IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>Defendant. | **No. 07-876C**<br>**(Senior Judge Merow)** |

**YANKEE ATOMIC'S OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS**

The government has moved to stay all proceedings and time limits in this case ("*Yankee II*"), including the time within which it needs to respond to the Complaint, until the Federal Circuit's resolution of the appeals in *Yankee Atomic Electric Co. v. United States*, No. 07-5025 (Fed. Cir.) ("*Yankee I*"), *Sacramento Municipal Utility District v. United States*, No. 07-5052 (Fed. Cir.) ("*SMUD*"), *Pacific Gas & Electric Co. v. United States*, No. 07-5046 (Fed. Cir.) ("*PG&E*"), and *Nebraska Public Power District v. United States*, No. 07-5083 (Fed. Cir.) ("*NPPD*"). The government essentially argues that because issues relating to the Standard Contract signed by all spent nuclear fuel ("SNF") plaintiffs are on appeal in *Yankee I*, *SMUD*, *PG&E*, and *NPPD*, *Yankee II* should be stayed until the Federal Circuit issues its mandates resolving any one of those appeals.

Yankee Atomic Electric Company ("Yankee Atomic") had two reservations concerning a stay.

First, if the government intended to raise any affirmative defenses not raised in *Yankee I*, Yankee Atomic wanted to know what those defenses were now before postponing further the

government's obligation to answer the Complaint. Since the government has now addressed that reservation by explaining in its motion papers that it has not identified any affirmative defenses other than those explicitly referenced in the motion papers, it has satisfactorily addressed that reservation.

Second, while Yankee Atomic agrees that this action should be stayed until there is a decision in *Yankee I*, Yankee Atomic finds it inappropriate to stay this action until the Federal Circuit also resolves the appeals in other SNF cases (*SMUD*, *PG&E*, and *NPPD*) which do not involve the same parties and issues as *Yankee II*. As explained below, the government has not satisfied its burden of justifying a stay beyond the resolution of the *Yankee I* appeal, and to so extend the stay would cause hardship to Yankee Atomic.[1]

**ARGUMENT**

The government's motion attempts to sidestep the great burden it faces, under applicable precedent, to justify a stay. This Court has a "virtually unflagging obligation to exercise the jurisdiction given to [it]." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1418 (Fed. Cir. 1997). Thus, in considering whether to issue a stay, the balance must be "heavily weighted in favor of the exercise of jurisdiction." *Nat'l Bank of Detroit v. United States*, 1 Cl. Ct. 712, 714 (1983) (citations omitted). This Court and the Supreme Court have likewise instructed that "our task . . . is not to find some substantial reasons for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exists 'exceptional' circumstances,

[1] Yankee Atomic acknowledges that the Federal Circuit could issue mandates resolving the appeals in *SMUD*, *PG&E*, and *NPPD* prior to issuing its mandate resolving *Yankee I*. If this scenario were guaranteed, Yankee Atomic would not oppose the government's motion. However, it is just as likely that *Yankee I* will be resolved prior to the other three appeals. In this instance, Yankee Atomic would suffer the hardship of further delaying both the government's answer to its Complaint and the ultimate resolution of the second phase of its contract damages case for which the government's breach was established by this Court in 1998, *Yankee Atomic Electric Energy Co. v. United States*, 42 Fed. Cl. 223 (1998) (Merow, S.J.), and affirmed by the Federal Circuit in 2000, *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336 (Fed. Cir. 2000).

the 'clearest of justification,' that can suffice . . . to justify the surrender of that jurisdiction." *Id*. (quoting *Moses H. Cone Mem. Hosp. v. Mercury Costr. Corp*., 460 U.S. 1, 15 (1983)). Further, as the proponent of a stay, the government "bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997), and "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

As explained above, Yankee Atomic agrees that the similarities between and circumstances surrounding *Yankee I* and *Yankee II* present the rare instance where the stay of one action (*Yankee II*) until the Circuit Court issues its mandate resolving the other (*Yankee I* ) is appropriate. The government, however, cannot meet its burden to justify a stay of *Yankee II* beyond the resolution of the *Yankee I* appeal. The government does not demonstrate that *SMUD*, *PG&E*, and *NPPD* are any more like *Yankee II* than are any other of the approximately 60 SNF cases that are (or have been) before this Court. Unlike *Yankee I*, those appeals do not involve the same parties or, in many cases, the same issues as *Yankee II*. Granting a stay of *Yankee II* pending resolution of the *SMUD*, *PG&E*, and *NPPD* appeals would suggest that a stay of the proceedings in any SNF case initiated in this Court is warranted whenever any case concerning the Standard Contract or a defense that might be available under it goes up on appeal to the Federal Circuit. Such a standard clearly conflicts with the Supreme Court's precedent on this point. *See Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

The government argues that it will suffer "hardship" or "inequity" if its motion to stay were to be denied. The only hardship claimed by the government, however, is the possibility of rulings in *Yankee II* that will be inconsistent with the Federal Circuit's decisions in *Yankee I*,

*SMUD*, *PG&E*, and *NPPD*; the alleged "likelihood" that the parties will incur unnecessary expenses litigating *Yankee II* in a manner later proven at odds with those decisions; and that proceeding in this case before the Federal Circuit resolves the *NPPD* appeal may deprive the government the opportunity to present an alleged defense to Yankee Atomic's claims. Gov't Motion at 8. None of these claims of hardship suggest that the government is entitled to a stay beyond the resolution of the *Yankee I* appeal.

A stay of the proceedings in *Yankee II* until the Federal Circuit issues its mandate resolving the appeal in *Yankee I*—which involves the same parties and contract and issues which are closely intertwined, if not identical, to those in *Yankee II*—should assuage the government's fears concerning inconsistent decisions. Further, expenses related to litigating this case, even if later proven "unnecessary," cannot possibly be considered "exceptional circumstances" sufficient to support a stay. *Cf.*, *e.g.*, *McSurely v. McClellan*, 697 F.2d 309, 317 & n.13 (D.C. Cir. 1982) ("Litigation costs, standing alone, do not rise to the level of irreparable injury.").

**CONCLUSION**

For the above reasons, the government's motion to stay should be denied in part. Any stay of the proceedings in this case (*Yankee II*) should be limited to the date of the Federal Circuit's decision resolving the appeal in *Yankee I*. However, if the Court were to grant the government's request to stay *Yankee II* pending resolution of *Yankee I*, *SMUD*, *PG&E*, and *NPPD*, Yankee Atomic requests that the grant be subject to the requirement that the continuance of the stay be reevaluated following the Federal Circuit's decision in any one (rather than all) of the cases.

Dated: April 14, 2008

Respectfully submitted,

s/Timothy E. Heffernan
Timothy E. Heffernan
Watt, Tieder, Hoffar & Fitzgerald, L.L.P
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000
(703) 893-8029 (fax)

Counsel of Record for Plaintiff Yankee Atomic Electric Company

Of Counsel:

William J. Kayatta, Jr.
Jared des Rosiers
Michael Wilson
Lucus Ritchie
Pierce Atwood LLP
One Monument Square
Portland, ME 04101
(207) 791-1100
(207) 791-1350 (fax)

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 14th day April 2008, a copy of "YANKEE ATOMIC'S OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy E. Heffernan
Timothy E. Heffernan